IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
10/12/2011

| | |
|---|---|
| IN RE | ) |
| | ) |
| RANDALL L. BYRD, | ) CASE NO. 11-10781-HCM-11 |
| | ) |
| Debtor, | ) (Pending in the Western |
| | )  District of Texas) |
| SPARKLE CAR WASHES OF | ) |
| TEXAS, LTD. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-3283 |
| | ) |
| RANDALL L. BYRD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

The court has considered "Debtor/Defendant Randall L. Byrd's Motion for Transfer of Venue" (Docket No. 3), the "Motion to Remand" (Docket No. 10) filed by Wayne Coleman, and "Sparkle Car Washes of Texas, Ltd.'s Motion to Remand" (Docket No. 11). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered abstaining from this court's consideration of the above captioned adversary proceeding, and remanding the above captioned adversary proceeding to the 215th Judicial District Court of Harris County, Texas. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they

are adopted as such.

## Findings of Fact

Randall L. Byrd ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Texas, on April 1, 2011.  Debtor filed a notice of removal as to the instant adversary proceeding on June 9, 2011.

### Summary of the Pleadings Before the State Court

On October 9, 2009, Sparkle Car Washes of Texas, Ltd. ("Sparkle") filed an original petition against Debtor and Wayne Coleman, in the 215th Judicial District Court of Harris County, Texas, seeking collection of $675,000 on a contract.  (Attachment 101 to Docket No. 1).

Wayne Coleman[1] filed an answer generally denying the allegations of the petition.  (Attachment 100 to Docket No. 1).

Debtor filed an answer generally denying the allegations of the petition.  (Attachment 97 to Docket No. 1). Debtor amended the answer, to assert that the agreement on which Sparkle had sued was related to a $10 million loan from Overseas Private Investment Corporation ("OPIC") to Prefabricados Y Modulares de Monterrey, S. de R.L. de C.V., ("PYMM") a Mexican

---

[1] Except as identified otherwise, "Coleman" refers to Wayne Coleman.

2

company Debtor asserted was owned by Debtor, Coleman, and Sparkle.  Debtor cross-claimed against Coleman for contribution and indemnity, and counterclaimed against Sparkle for contribution and indemnity, to the extent Debtor might be personally liable for PYMM's debt to OPIC.  (Attachments 90, 89 to Docket No. 1).  Debtor amended his answer again to assert an affirmative defense of unjust enrichment, and to add an additional cross-claim against Coleman and an additional counterclaim against Sparkle for conversion of Byrd's asserted interest in PYMM and a patent.  (Attachment 84 to Docket No. 1).  Debtor subsequently added claims against both Coleman and Sparkle based on breach of fiduciary duty (Attachment 68 to Docket No. 1) shareholder derivative claims (Attachment 57 to Docket No. 1), negligence and breach of contract (Attachment 38 to Docket No. 1).

     Debtor filed a third party claim against Russell Coleman, for breach of fiduciary duty, conversion of stock, conversion or infringement of patent, and conspiracy. (Attachment 74 to Docket No. 1).  Debtor subsequently amended the third party complaint to assert claims of usurpation of business opportunity and fraud.  (Attachment 63 to Docket No. 1).

     Russell Coleman filed an answer to Debtor's third party claim, generally denying the allegations of the third party claim, and asserting lack of standing as an affirmative defense.

(Attachment Nos. 43, 42 to Docket No. 1).

Coleman filed an answer to Debtor's cross-claim, generally denying the allegations of the cross-claim, and asserting as affirmative defenses lack of standing and waiver. Coleman also asserted a claim against Debtor for fraud, breach of contract, breach of fiduciary duty, and negligence. (Attachment 21 to Docket No. 1).

Debtor filed an additional claim seeking an injunction against Coleman, Russell Coleman, and Alvaro Guajardo, asserting that they were attempting to sell the assets of PYMM. (Attachment 20 to Docket No. 1).

Debtor filed an answer denying the allegations of Coleman's claim. (Attachment Nos. 17, 16 to Docket No. 1).

### The Instant Motions

In the instant motions, Debtor seeks a transfer of venue to the United States Bankruptcy Court for the Western District of Texas. Debtor asserts that the interest of justice is served by transferring the case to the court in which Debtor's Chapter 11 case is pending. Coleman and Sparkle seek remand to the 215th Judicial District Court of Harris County, Texas. Coleman argues that removal is improper because Debtor failed to provide notice to all parties; or alternatively asserts that this court should abstain and remand to the state court because this is a non-core matter as to which there is no independent basis

4

for federal jurisdiction, and as to which an action has been commmenced and can be timely adjudicated in state court. Sparkle raises the same argument in favor of remand, also asserting that this court lacks the power to enter a final judgment.

## Conclusions of Law

Under 28 U.S.C. § 1334(b), the district court has original but not exclusive subject matter jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b).

Under 28 U.S.C. § 1334(c)(2), upon timely motion of a party in a proceeding based upon a state law claim or a state law cause of action, related to a Title 11 case, but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absence jurisdiction under Section 1334, the court shall abstain if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

The instant adversary proceeding does not address claims under federal law; it addresses claims under state law. There is no showing of an independent basis for federal court jurisdiction other than Debtor's Chapter 11 case. Suit has been pending in state court for approximately two years. It appears the suit can be timely adjudicated. Thus, this court is required

to abstain from consideration of the instant adversary proceeding, under 28 U.S.C. § 1334(c)(2).

Based on the foregoing, a separate Judgment will be entered abstaining from this court's consideration of the instant adversary proceeding, and remanding to the 215th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on October 12, 2011.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE